IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MOHAMED SHAHID SAYED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-836-JD |
| | ) |
| OKLAHOMA CITY | ) |
| HOUSING AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for leave to proceed in forma pauperis (IFP). Doc. 2.[1] United States District Judge Jodi W. Dishman referred the IFP motion to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5.

**I.   Discussion.**

The filing fee in civil cases is $405.00.[2] A court has discretion under 28 U.S.C. § 1915(a) in deciding whether to grant a civil litigant permission to proceed IFP. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005);

---

[1]   Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2]   The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $55.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

*see also Grimes v. TCF Bank*, 769 F. App'x 659, 660 (10th Cir. 2019) (reviewing a district court order denying an in forma pauperis application for an abuse of discretion). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister*, 408 F.3d at 1312.

Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. Factors the Court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (internal citations omitted).

Turning to the first factor, Plaintiff, represented by counsel, sues Defendant "for violations of the federal Fair Housing Act and the Fair Housing Amendments Act, 42 U.S.C. § 3601, *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*, the Oklahoma Discrimination in Housing Act, 25 O.S. § 1451, *et seq.*, and the Oklahoma Anti-Discrimination Act, 25 O.S.

§ 1601, *et seq.*" Doc. 1, at 1. The Court draws no conclusion as to whether Plaintiff's cause of action is frivolous or malicious at this time.

As to the second factor, Plaintiff is not a prisoner. So the undersigned does not find that the special concerns attendant to prisoner cases apply.

For the final factor, Plaintiff states that he is disabled and receives $580.00 every fifteen days. Doc. 2, at 1. He also states that he has $5,125.00 in a savings account and owns a vehicle. *Id*. at 2. His monthly expenses include a $600.00 rental payment, $198.00 for medical expenses, $149.00 for car insurance, $50.00 for his cell phone, and $100.00 for gas. *Id*. His only financial obligation is a $6,000.00 loan from a family friend for a security deposit, with no apparent repayment schedule yet set. *Id*.

Considering all these factors, Plaintiff has not shown a financial inability to pay the required fee. He is not a prisoner and currently has $5,125.00 in his savings account. Given Plaintiff's representation of his finances, the undersigned finds Plaintiff has sufficient funds to pay the $405.00 filing fee. *See* 28 U.S.C. § 1914(a).

## II.  Recommendations.

The undersigned recommends the Court deny Plaintiff's IFP motion. Doc. 2. The undersigned further recommends that the Court dismiss this action without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in

full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation. *See* LCvR3.3(e).

The undersigned advises Plaintiff of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of the Court **on or before August 13, 2025**. The Court further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 30th day of July, 2025.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE